**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| v. | ) | Criminal No. 9:18-0685-RMG |
| | ) | |
| George Hall, | ) | |
| | ) | |
| Defendant. | ) | **ORDER AND OPINION** |
| | ) | |
| | ) | |

Defendant has moved to dismiss the pending indictment charging him with assaulting another inmate on the basis that the Government has failed to preserve certain video evidence Defendant asserts is relevant to his defense. (Dkt. No. 183). The Government opposes the motion, arguing that the video evidence at issue would not be admissible because it relates to a justification defense which the Court has repeatedly ruled is not a proper defense in this matter. (Dkt. No. 188). For reasons set forth below, the motion to dismiss the indictment is denied.

The record before the Court establishes that Defendant, shortly before the assault, prepared a weapon of a lock secured to a belt and placed it inside a sock. Defendant approached his unsuspecting victim, Jose Carrion-Vasquez, from behind and beat him repeatedly about the head with the weapon until ordered to cease by a correctional officer. Carrion-Vasquez bled profusely from the assault and required hospitalization, where he was diagnosed with a depressed skull fracture and a subarachnoid hemorrhage.

Defendant has sought to justify this assault on the basis that he was a victim of harassment by an unnamed group of Hispanic inmates, which allegedly included a threat against him on the morning of the date of the assault, February 6, 2018. (Dkt. No. 183 at 1). In what has been something of a moving target, Defendant now claims that shortly before he initiated the assault he

1

was "threatened again by Carrion-Vasquez or his friends." (*Id*.).  Defendant asserts that video from the morning of February 6, when Defendant says he was threatened by some Hispanic men, has not been preserved by the Government.  Defendant argues that the failure of the Government to preserve this video requires the dismissal of his indictment.

This motion to dismiss the indictment represents the fourth instance this Court has addressed the issue of a justification defense for Defendant. (Dkt. Nos. 90, 106, 143).  Defendant earlier sought to assert the defense of self-defense. The Court struck this defense, ruling that "[t]he law could not be more clear that self-defense is available only where the defendant faces an imminent attack and has no reasonable alternative available but to strike his attacker." (Dkt. No. 106 at 5).  The Court found Defendant met neither of these requirements.  (*Id*. at 8-9).

When Defendant subsequently sought to retitle his defense duress or "battered person syndrome," the Court again rejected the justification defense on the basis that a preemptive attack to ward off the threat of an assault is not permitted under the law. (Dkt. No. 143 at 8-10).  In previous orders, the Court has detailed various prison assault cases where inmates were not permitted to conduct a sneak attack or preemptive assault on another inmate who had been bullying or threatening them.  (Dkt. No. 106 at 5-7).  As the Seventh Circuit observed in *United States v. Haynes*, 143 F.3d 1089, 1091 (7th Cir. 1998), there is no "conceivable justification for a preemptive strike."

The Court previously addressed the admissibility of the missing video evidence from the morning of February 6, 2018.  The Court ruled that the video evidence "is not relevant" since it is justification evidence regarding the attack on the victim. (Dkt. No. 143 at 11-12).  Nothing has changed the Court's analysis or conclusion regarding the admissibility of video evidence from the morning of February 6.

2

Defendant now seeks the dismissal of the indictment on the basis that he has been deprived of video evidence of an encounter with a group of Hispanic men earlier on the day he assaulted his victim. The plain purpose of such video evidence would be to justify his sneak attack hours later on Carrion-Vazquez. There is no claim that Carrion-Vazquez was conducting an attack on Defendant at the time of the assault or that an attack was imminent. To the contrary, Defendant had to leave his room and pursue Carrion-Vasquez from behind to conduct his assault.

The Court once again rules that the video sought by Defendant, if it were still available, would not be admissible because it would not be relevant under Rule 401 of the Federal Rules of Evidence. Furthermore, even if Defendant could identify some marginal relevance of his encounter with the Hispanic men on the morning of February 6, 2018 (which he has yet to do), the video would be inadmissible under Rule 403 because its probative value would be substantially outweighed by the danger of confusing or misleading the jury. Consequently, Defendant has suffered no prejudice from the failure of the Government to preserve evidence the Court has repeatedly ruled is not admissible and is not a proper defense. The motion to dismiss the indictment (Dkt. No. 183) is **DENIED**.[1]

**AND IT IS SO ORDERED.**

---

[1] Defense counsel's persistence in asserting justification defenses in the face of repeated rulings of this Court raises a concern that there may be an effort to introduce evidence in support of a justification defense at trial. If Defendant seeks to offer evidence at trial or to elicit on cross examination testimony relating to alleged harassment from Hispanic inmates, including reports of threats to Defendant on February 6, 2018, Defendant must give the Court notice of the specific nature of that evidence or cross examination proposed to confirm compliance with the Court's repeated rulings on this matter. The Court understands that defense counsel does not agree with the Court's rulings regarding justification defenses, and Defendant will have every opportunity on appeal to challenge those rulings should he be convicted. The Court expects, however, its rulings to be complied with at the trial level as the law of the case.

                                                         <u>s/ Richard Mark Gergel</u>
                                                         Richard Mark Gergel
                                                         United States District Judge

September 21, 2021
Charleston, South Carolina